OPINION
{¶ 1} Steve Tipton appeals from a judgment of the Greene County Court of Common Pleas, which found that his motion to set aside a garnishment was moot.
 {¶ 2} The facts of the case are essentially undisputed. On May 6, 2002, David Tipton entered into an agreement to settle a contract dispute with his son, Steve Tipton, which was memorialized by an agreed judgment entry. The judgment required Steve to pay his father $186,712.05, plus interest. David died thereafter and his wife, Terry Tipton, was named as executrix of his estate. In this capacity, Terry sought to garnish Steve's accounts at Bank One to collect on the judgment.
 {¶ 3} Pursuant to his divorce decree, Steve acted as custodian of two accounts at Bank One that had been set up for his sons under the Ohio Uniform Transfers to Minors Act ("OTMA"). Bank One, however, had misidentified these accounts as joint accounts rather than as custodial accounts. As such, when it received the notice of garnishment, it improperly paid funds from the custodial accounts to the estate in the amount of $7,364.98. Bank One realized its mistake and notified the clerk of courts, but the money had already been transferred to the estate.
 {¶ 4} When Terry Tipton was notified of the mistake, she took the following actions: she sent a check for $5,360.32 to her grandson Jeremy, who had reached the age of majority, to replace the funds garnished from his account; and she sent a check for $2,152.63 to her former daughter-in-law, Heidi Tipton, who was Steve's ex-wife and the mother of her grandson Ryan, to replace the funds garnished from his account. These amounts are not in dispute, and Steve did not dispute the return of funds to Jeremy because he had reached the age of majority. Steve was dissatisfied, however, that Terry had "altered the status quo by changing the custodian of Ryan['s] OTMA account from Steve Tipton to Heidi Tipton without right or authority to do so" and contrary to the arrangement contemplated by the parents' divorce decree.
 {¶ 5} On May 17, 2004, Steve filed a motion to set aside the garnishment to the extent that it had been applied to his sons' accounts. Specifically, Steve sought an order that all funds garnished from Ryan's accounts be returned to Steve "as Custodian for Ryan . . . under the OTMA." Terry Tipton filed a motion in opposition in which she argued that Steve's motion was "untimely, without merit, and moot." On July 23, 2004, the trial court denied Steve's motion on the ground that the estate had reimbursed the grandsons for the sums garnished from their respective accounts, concluding that "[t]here is no money to return to Steve Tipton. The issue is moot." Steve appeals from this judgment, raising one assignment of error.
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF STEVE TIPTON IN FINDING THE MOTION TO SET ASIDE GARNISHMENT MOOT."
 {¶ 7} Steve claims that the trial court erred in finding that the issues raised by his motion were moot when matters have not been returned to the status quo. In other words, he claims that the trial court should have restored the funds in question to the OTMA account from which they were taken and of which he was the custodian, rather than allowing Terry Tipton to repay those sums to Heidi Tipton. He points out that his divorce decree provided that he, not Heidi, would be the custodian of the OTMA accounts.
 {¶ 8} We disagree with the trial court's assessment that the issues raised by Steve's motion were moot. By repaying the improperly garnished funds to Steve's ex-wife, rather than to Steve or to the OTMA account directly, Terry Tipton manipulated the bank's mistake so as to divest Steve of control over the money. Although she made the money available for Ryan's use by giving it to his mother, she did not fully restore the status quo because she had affected the manner in which the funds could be spent and by whom. Steve should not be required to relinquish control over his son's money because of an erroneous garnishment. Thus, the issue was not moot.
 {¶ 9} Terry Tipton argues that Steve's motion should be treated like a motion for relief from judgment made pursuant to Civ.R. 60(B), although it is not styled as such. She further asserts that Steve failed to establish any of the bases for relief pursuant to Civ.R. 60(B) and that such a motion was untimely.
 {¶ 10} Even assuming, for the sake of argument, that Steve's motion is properly characterized as a motion filed pursuant to Civ.R. 60(B), we find Terry Tipton's arguments for overruling the motion to be without merit. She argues that the motion does not fall within Civ.R. 60(B)(1), which permits the filing of a motion to vacate on the basis of mistake or inadvertence, because the alleged mistake was fully corrected on March 14, 2004 — before the filing of Steve's motion — when the garnished funds were "returned" to Steve's sons. For the reasons discussed above, and under the facts of this case, we reject the suggestion that the effect of the garnishment was fully corrected by the repayment of the funds to another parent, bypassing the OTMA account from which the funds were improperly withdrawn. We also disagree with Terry's conclusion that the motion was not filed within a reasonable time because it was filed "four months after receiving notice that the accounts were going to be garnished." We do not find this time to be unreasonable.
 {¶ 11} The assignment of error is sustained.
 {¶ 12} The judgment of the trial court will be reversed and remanded for further proceedings designed to return the $2,152.63 presently in the possession of Heidi Tipton to the OTMA account for Ryan Tipton's benefit, of which account Steve Tipton is custodian.
Fain, J. and Grady, J., concur.